_Camden Barlow, Inmate # 11897-003_
Name and Prisoner/Booking Number

_United States Penitentiary Lewisburg_
Place of Confinement

_P.O. Box 1000_
Mailing Address

_Lewisburg, Pa. 17837_
City, State, Zip Code

**FILED
SCRANTON**

APR 0 2 2018

PER _____
DEPUTY CLERK

(Failure to notify the Court of your change of address may result in dismissal of this action.)

## IN THE UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| _Camden Barlow, et. al._ , )<br>(Full Name of Plaintiff)        Plaintiff, )<br>                                    )<br>                vs.              ). CASE NO. | | |

_Camden Barlow, et. al._                    , )
(Full Name of Plaintiff)        Plaintiff,   )
                                              )
                vs.                           ). CASE NO. ___1:18cv716___
                                              )      (To be supplied by the Clerk)
(1) _Warden David J. Ebbert of Lewisburg USP_ , )
(Full Name of Defendant)                      )
                                              )
(2) _SIS officer Buebendorf of Lewisburg USP_ , )
                                              )     **CIVIL RIGHTS COMPLAINT
(3) _Officer/counselor Tharp of Lewisburg USP_ , )        BY A PRISONER**
                                              )
(4) _____ , )   ☒ Original Complaint
                Defendant(s).                 )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them. )   ☐ Second Amended Complaint

### A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☒ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
        ☐ Other: _____.

2.   Institution/city where violation occurred: _United States Penitentiary Lewisburg / Lewisburg, Pa._

Revised 3/9/07

1

**550/555**

## B. DEFENDANTS

1. Name of first Defendant: _David J. Ebbert_ . The first Defendant is employed as: _Complex Warden_ at _Lewisburg USP_ .
                   (Position and Title)                             (Institution)

2. Name of second Defendant: _(First Name unknown) Beubendorf_ . The second Defendant is employed as: _Special Institutional Security Officer_ at _Lewisburg USP_ .
                   (Position and Title)                             (Institution)

3. Name of third Defendant: _(First Name unknown) Tharp_ . The third Defendant is employed as: _Correctional Officer and Counselor of B-block_ at _Lewisburg USP_ .
                   (Position and Title)                             (Institution)

4. Name of fourth Defendant: _____ . The fourth Defendant is employed as: _____ at _____ .
                   (Position and Title)                             (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?    ☐ Yes    ☒ No

2. If yes, how many lawsuits have you filed? _____. Describe the previous lawsuits:

   a. First prior lawsuit:
   1. Parties: _____ v. _____
   2. Court and case number: _____.
   3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
   _____

   b. Second prior lawsuit:
   1. Parties: _____ v. _____
   2. Court and case number: _____.
   3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
   _____

   c. Third prior lawsuit:
   1. Parties: _____ v. _____
   2. Court and case number: _____.
   3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
   _____

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: _5th Amendment Due Process_.

2. **Count I.** Identify the issue involved. Check **only one.** State additional issues in separate counts.
   - ☐ Basic necessities
   - ☒ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   _Please refer to attached document titled "Complaint"_

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   _We were placed on "enhanced correspondence restriction" and cannot handle our own correspondence. Please refer to the attached "Complaint"_

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Count I? ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Count I to the highest level? ☐ Yes  ☒ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _We are being denied access to the grievance process and is one of the complaints found herein. Refer to the attached "Complaint"_

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _1st Amendment Right to redress Grievances._

2.   **Count II.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
- ☐ Basic necessities     ☐ Mail          ☒ Access to the court     ☐ Medical care
- ☐ Disciplinary proceedings ☐ Property     ☐ Exercise of religion     ☐ Retaliation
- ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

_Please refer to the attached document titled "Complaint"_

4.   **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
_We are being refused access to legal forms necessary to file, being refused legal paperwork access, being unable to recieve copies, having legal work siezed, etc. Refer to attached "Complaint"_

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                 ☒ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count II?               ☒ Yes   ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?      ☐ Yes   ☒ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _Refer to Number 4 above and the attached "Complaint"_

4

## COUNT III

1. State the constitutional or other federal civil right that was violated: _Discrimination_

2. **Count III.** Identify the issue involved. **Check only one.** State additional issues in separate counts.
   ☐ Basic necessities    ☐ Mail    ☐ Access to the court    ☐ Medical care
   ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
   ☐ Excessive force by an officer    ☐ Threat to safety    ☒ Other: _Purposeful segregation for Discrimination_

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.
   _Please refer to the document attached titled "Complaint"_

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   _In so many ways, unable to access mail, unable to access the courts, violations of the laws and our rights, etc... Please refer to attached "Complaint"_

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☒ Yes   ☐ No
   b. Did you submit a request for administrative relief on Count III?    ☒ Yes   ☐ No
   c. Did you appeal your request for relief on Count III to the highest level?    ☐ Yes   ☒ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _We have tried to file on all this and have been stone-walled in many areas. Please refer to attached "Complaint"_

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

_Please refer to the attached "Complaint" for the other counts. Thank You._

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

We ask that the court accept and order the Temporary Restraining Order/Injunctive Relief requested herewith, provide a Declaratory order that the Plaintiffs have had thier Constitutional rights violated, that the court consider the attached motion to proceed as a Class Action, that the violations that are on-going to cease, and any and all additional relief that this court deems just, proper, and equittable. We ask that the court provide us the ability to amend this complaint if the court accepts this action as a Bivens action so that we can adjust claims and prayers for relief accordingly to fit a Bivens Suit and not a 2241 Writ of Habeas Corpus, as was originally filed. Refer to attached "Complaint".

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___March 26th, 2018___

DATE

_____

SIGNATURE OF PLAINTIFF

Nathan A. Bailey   Inmate #11897-003

(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____

(Signature of ~~attorney~~, if any)

_____
_____
_____

(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

In The United States District Court
For The Middle District of Pennsylvania

Camden Barlow, Christopher Alvarez, Justin Haynes,
Darryl Taylor, Tabarus Holland, Terrell Wilson,
Tony C. Knott, Agustin Argueta, Douglas Pigges,
and Nathan A. Bailey (The Acting Correspondent
                              Plaintiffs

Civil Action No:

Vs.

Complaint and Writ of Habeas Corpus
Pursuant to 28 USC § 2241

Warden David J. Ebbert of Lewisburg USP,
Special Institution Security officer Buebendorf,
    of Lewisburg USP, and
Counselor Tharp (counselor for B-block)
(In thier official and Individual Capacity)
                              Defendants

I. Complaint and Writ of Habeas Corpus Pursuant to 28 USC § 2241

①     Comes Now, the above Plaintiffs, on this day, March 22nd, 2018, acting in concert, union, and asking to be heard jointly humbly presents and requests of this court to accept this Complaint and Writ of Habeas Corpus and the attached declarations of all the Plaintiffs named above as well as any all other motions hereto attached over the matters herein outlined. We have chosen a Writ of Habeas Corpus Pursuant to 28 USC § 2241 as the vehicle in which to approach the courts; however it might not be the correct method. Because every Plaintiffs listed herein, and all other inmates housed specifically in Lewisburg USP and specifically housed in B-block, all are suffering from the same exact constitutional violations by the aforementioned defendants, ive figured our approach to the court would garner more strength by acting in concert other than individually. None-the-less, the issues herein outlined are very concerning and requires the attention of the courts; therefore, herein we present our claims.

②     Pursuant to 28 USC § 2201 and 2202, the Plaintiffs seek Declaratory Relief and under 28 USC § 1391(b)(2) does the Middle District of Pennsylvania have jurisdiction and is the proper venue since it is where the events giving rise to this complaint occured. By and through such statutes and rules does the Plaintiffs contend that this court is the proper venue and has the proper jurisdiction and authority to hear and adjudicate all matters contained herein. Therefore we pray the court does hears our pleas and offers us relief.



## II. Plaintiffs

③     The Plaintiff, Camden Barlow, Inmate # 30222-057, is and was at all times mentioned herein a prisoner of the United States, in the custody of the Federal Bureau of Prisons (FBOP), and is currently being housed at Lewisburg United States Penitentiary (USP); specifically in cell # 217.

④     The Plaintiff, Christopher Alvarez, Inmate # 26024-380, is and was at all times mentioned herein a prisoner of the United States, in the custody of the FBOP, and is currently being housed at Lewisburg USP; specifically in B-block, currently in cell # 219.

⑤     The Plaintiff, Justin Haynes, Inmate # 27511-064, is and was at all times mentioned herein a prisoner of the United States, in the custody of the FBOP, and is currently being housed at Lewisburg USP; specifically in B-block, currently in cell # 209.

⑥     The Plaintiff, Darryl Taylor, Inmate # 43373-037, is and was at all times mentioned herein a prisoner of the United States, in the custody of the FBOP, and is currently being housed at Lewisburg USP; specifically in B-block, currently in cell # 224.

⑦     The Plaintiff, Tabarus Holland, Inmate # 95307-020, is and was at all times metrioned herein a prisoner of the United States, in the custody of the FBOP, and is currently being housed at Lewisburg USP; specifically in B-block, currently in cell # 224.

⑧     The Plaintiff, Terrell Wilson, Inmate # 49385-007, is and was at all times mentioned herein a prisoner of the United States, in the custody of the FBOP, and is currently being housed at Lewisburg USP; specifically in B-block, currently in cell # 203.

⑨     The Plaintiff, Tony C. Knott, Inmate # 33552-007, is and was at all times mentioned herein a prisoner of the United States, in the custody of the FBOP, and is currently being housed at Lewisburg USP; specifically in B-block, currently in cell # 228.

⑩     The Plaintiff, Agustin Argueta, Inmate # 33921-007, is and was at all times mentioned herein a prisoner of the United States, in the custody of the FBOP, and is currently being housed at Lewisburg USP; specifically in B-block, currently in cell # 212.

⑪     The Plaintiff, Douglass Piggee, Inmate # 06845-097, is and was at all times mentioned herein a prisoner of the United States, in the custody of the FBOP, and is currently being housed at Lewisburg USP; specifically in B-block, currently in cell # 220.

⑫     The Plaintiff, Nathan A. Railey, Inmate # 11897-003, is and was at all times mentioned herein a prisoner of the United States, in the custody of the FBOP, and is currently being housed at Lewisburg USP; specifically in B-block, currently in cell # 213. He is the acting "correspondent" of the actions contained herein and acts as the

"Agent" and/or "voice" of the group of Plaintiffs herein listed.

## III. Defendants

⑬　　　　The Defendant, David J. Ebbert, whom is the acting Warden over Lewisburg USP under the authority vested in him by the FBOP. He over-sees and administrates over all Policy and Procedures therein. We move against his official capacity and his individual capacity.

⑭　　　　The Defendant, Officer Buebendorf, whom is acting Special Institutional Security (SIS) at Lewisburg USP under the authority vested in him by the Warden David J. Ebbert, through the FBOP. He is responsible for all investigations and monitoring of inmates, specifically the mail in regards to the claims contained herein. We move against his official capacity and his individual capacity.

⑮　　　　The Defendant, Officer Tharp, whom is acting Counselor for all of B-block at Lewisburg USP under the authority vested in him by the Warden David J. Ebbert, through the FBOP. He is responsible for many duties pertaining to inmates recieving legal paperwork and is specifically responsible for providing the necessary forms for the Administrative Remedy process. We move against his official capacity and his individual capacity.

⑯　　　　Any and all officers not listed herein at Lewisburg USP under the delegated authority of Warden David J. Ebbert under the FBOP that can be shown to have in anyway contributed to the herein outlined violations of the Plaintiffs' Constitutional Rights will be added and amended to this action hence forth.

## IV. Factual History

⑰　　　　Each Plaintiff listed hereon is a federal prisoner and is currently being housed in Lewisburg USP and is in specific participation of the Secured Mental Health Step Down Program (herein after referred to as the "smu" program). The smu Program is a program devised by the FBOP to specifically manage inmates that have an issue of disciplinary infractions. It is a very specific program designed to assist the mental health needs of the inmates participating and as such, has very specific security protocols in place to manage such.

⑱　　　　The inmates are housed in a Special Housing Unit-type (SHU) manner. Meaning, the Plaintiffs are locked down in a cell 23 hours a day, with one hour of rec, also in a secured cage. The inmates are given Special Mental Health Programming Packets to complete within their cells and are mandatory to complete to exit the program. The program takes 9 months at the very minimum to complete plus time for transfer to another institution. In effect, the Plaintiffs will spend at a minimum of a year confined in the manner aforementioned.

⑲　　　　It is well understood that prolonged ducations of secluded confinement contribute to significant psychological and mental complications in inmates. So much so that specifically the smu Program had been changed to have a limited time frame by which one can complete the program, which is two years. This issue is so

⑨

significant that even President Obama addressed ~~the~~ the issue of long durations of lockdown and segregation. The Plaintiffs state this as fact because, it is a factor when considering the matters contained herein. Our privelages and rights have been significantly reduced to the lowest factor, limiting our abilities on everything from simple movement in our confined spaces to access of information and correspondence to our families and friends. Our Mental health is at the utmost concern in this litigation as well as the rights that guarantee our ability to retain such.

⑳         As part of the security measures of any penal institution, certain procedures are enacted to ensure institutional security. One of these measures is the institution's ability to inspect and review incoming and outgoing mail. This measure of inspection is an agreement from the inmates to the institution to allow such, otherwise, inmates will not be allowed the right of correspondence by mail. This agreement is made by and through the use of form BP-A407, wherein the only options are to allow inspection of incoming and outgoing mail or to have it forwarded elsewhere; thereby, limiting your right to correspondence. The contents of this very form/contractual agreement (BP-A407) is provided in Program Statement 5265.14 and codified in 28 CFR§ 540 and is the very BOP Program Statement and codified law in the issue at hand. It should be understood that all the Plaintiffs herein have agreed to this method of mail inspection only and that no other contractual agreements have been signed or agreed to in regards to any other security measures taken upon the mail correspondence.

㉑         It should be noted that we would provide an exhibit of the form mentioned herein but the attainment of certain materials, legal or otherwise, from the Unit Counselor Tharp or from the management of Lewisburg Prison has been purposely denied as will be outlined in the claims section and is one of the very issues concerning the actions contained herein.

㉒         Even though inmates are being housed in the SMU Program under these harsh security measures, they retain the right to access the courts by and through an Administrative Remedy process, that once exhausted, allows reproachment through the federal courts wherein said remedy and petitions can be adjudicated further. This is one of many Constitutional Rights that are inherent and absolute for all prisoners.

㉓         All prisoners also retain the right of due process of law under the 5th Amendment, and generally are held to standards provided in Wolff v. McDonnell 418 U.S 539 (1974) and Sandin v. Conner 515 U.S 472 (1995). Since the Plaintiffs will be claiming "atypical and significant hardship" seperate from those of other inmates and that we have a "liberty interest" in avoiding said hardship, we felt the ~~necessary~~ necessity to specifically mention this Constitutional Rights as fact.

㉔         Furthermore, and lastly, we, the Plaintiffs, understand that in lieu of the many security con-

cerns in the administration of a penal institution that security measures must from time to time be changed accordingly to ensure proper institutional safety and that the Warden alone has a limited authority in addressing these matters and adjusting security measures and protocols of an institution, as a whole, to ensure said institutional safety and security as per BOP Program Policy. These measures would understandably be more concerning in respects to Lewisburg USP in that it houses and operates the SMU Program and all it entails and encompasses.

(25)    These are the facts as we, the Plaintiffs, believe and understand them to be and supply them in "good faith" that this is indeed as we understand. We also ask for the court's patience and understanding in regards to our actions in this legal recourse; in that, we are limited in our access to legal materials and our understandings of this legal process. We are doing what we are able in our legal capacities. We only ask that though our actions will be liberally construed, that any and all rights not herein supplied nor defined not be unrequitted but implied and utilized in the furtherance of justice in these matters; for though we have not directly provided said standing, this does not imply that the unstated standing does not exist simply because ignorance to that affect. We ask for the embracement of all legal rights and standings to be implied and adjudicated without ■ unstated limine.

## I Exhaustion of Remedies

(26)    Per the Prisoner Litigation Reform Act (PLRA), 48 USC § 1997 (e)(a), "[N]o action shall be brought with respect to prison conditions... by a prisoner confined in any jail, prison, or other correctional facility until such Administrative Remedies as are available are exhausted."

(27)    It should be stated here that there are many Plaintiffs seeking the relief requested herein and that it is indeed true that some have managed to instigate the Administrative Remedy procedures as defined by FBOP Policy; therefore it can be presumed that ■ all the Plaintiffs have not sought out and exhausted all Administrative Remedy Procedures. However, as will be delineated in the "II. Grounds" section, the access to the Administrative Remedy process is being witheld from us by denying access to the necessary forms required to proceed. The reasons why some inmates have manage to instigate the Administrative Remedy process is specifically not from the administration providing said forms; this has come from those that happened to have the forms within thier possession before they were moved to B-block. Counselor Tharp is specifically the one whose job it is to provide said forms and it is precisely his actions, or lack thereof, that is the contributing factor to why we can't exhaust the remedy process and is directly responsible for the Motion of Injunctive Relief and Temporary Restraining order attached herewith.

(28)    It should be considered the very nature of the grounds contained herein, the Declarations provided, and the impact they have on the Constitutional Rights of the Plaintiffs as well as the mental and psychological issues these matters effectuate. The Administration Remedy Process would succumb the Plaintiffs to an extended duration of time

(an estimated 6 months or more for BP-8 thru BP-11) in these conditions and as such will only apply to those issues individually, but as can be shown herein, this is not an individual discriminatory action but applied to a specific group of individuals and is the specific reason we chose to petition the court in this manner. By Turner V. Burnside, 541 F.3d 1077, 1085 (11ᵗʰ Cir. 2008), a serious threat of substantial retaliation against an inmate for launching or persuing a grievance can make the Administrative Remedy unavailable, and by so, makes the requirement of 42 USC§1997(e)(a) unattainable without threat. In our case, not only is retaliation a factor, but we aren't even being provided the necessary forms. We believe that we bring forth to the court the stated urgency as required for a Temporary Restraining Order and a Preliminary Injunction.

㉙        However, if in the very least this court should find that this action indeed be premature, that the Administrative Remedy process has not been adequately exhausted, or that this filing fails to meet the necessary criteria, required by the court at this time, the Plaintiffs humbly request that the Temporary Restraining Order and/or Preliminary Injunction be considered in the Interium to stop Counselor Tharp from denying us access to the necessary forms and allow our filings to be unimpeded so that we can, at least, exhaust the Administrative Remedy Process. We would, secondly, ask that the said relief also dictate the allowance to recieve our mail properly as is delineated in the BOP Program Policy under P.S. 5265.14 (28 CFR §540) and P.S. 5800.1 until these matters can be heard in this court.

<u>VI. Grounds</u>

㉚        Firstly, the Plaintiffs reallege and incorporate by reference paragraphs 17 thru 29 since contained therein are certain facts and references to the claims provided below. The Plaintiffs allege that, though the Declarations that have been provided have varying degrees of reference to the forth coming grounds, all Plaintiffs agree on the grounds hereafter delineated.

㉛        <u>Ground #1:</u> The Plaintiffs have all been specifically pulled from other areas or "Blocks" within the Lewisburg Prison and placed in the specific block known as "B-block." By and through this specific segregation has the administration created specifically tailored discriminatory acts under the 14ᵗʰ Amendment, particularly the "Equal Protection Clause," and since these actions are only being applied to this specific group of inmates located on B-block, that these actions constitute discrimination by definition. Thereby do we first claim discrimination against us by the Administration of Lewisburg USP. (See attached "Memorandum of Law" for supporting case law)

㉜        <u>Ground #2:</u> Because the methods used in the discrimination herein described, many of our claims are intrinsinctably intertwined since the very methods themselves constitute and warrant a claim. In this second claim, the Plaintiffs allege that they have been placed on "Enhanced Restrictions" upon thier incoming and outgoing mail and it is by, this action and others, is the discrimination established in ground #1. Upon our movement to B-block we all



recieved a specific notice that therein described these "Enhanced" procedures. (Please refer to Exhibit "A" herewith attached). By being placed on these enhanced restrictions without a disciplinary action or reason do we claim that we have not been afforded due process as defined in the 5th Amendment and that a significant liberty interest has thereby been affected. (Please refer to the attached "Memorandum of Law" for case law references and supporting arguments)

(33)    **Ground #3:** The Plaintiffs claim that the Warden has over-stepped his authority in the application of these enhanced restrictions upon mail. As outlined in the notice provided by the administration here at Lewisburg Prison, Program Statement 5265.14 was cited and partially quoted (Review Exhibit "A") We do not claim that the Warden does not have the authority to apply specific security measures or protocols applied to mail correspondence to the institution as a whole through the procedures outlined in policy on Supplementation Rules being applied institutionally specific. We do, however, believe that the warden cannot tailor conditions to specific individuals or groups of individuals without applying them to the institution as a whole. Regardless, in this claim we state that nowhere in BOP Program Statement does the Warden have the ~~authority~~ authority to create protocols as strict as these upon the mail. The very Program Statement that is quoted on the very notice they provided (P.S. 5265.14 – codified @ 28 ~~U.S.C.~~ CFR 540) dictates that the Warden cannot create mail restrictions as strict and harsh as these. (Please refer to the attached "Memorandum of Law" for case law reference and supporting arguments)

(34)    **Ground #4:** The Plaintiffs claim that our 1st Amendment Right to, "petition the government for a redress of grievances" is being substantially violated by our inability to obtain the proper legal materials to utilize the Administrative Remedy process. We believe the very of denial of access to the required forms by BOP Policy to redress grievances is an undeniable "actual injury" in that it allows no method to solve grievances amicably through the BOP provided procedures that in turn allows us to redress an "actual injury" taking place. Applying Turner Tests, the Procunier less-strict standard, or even the Lewis standard is easily reached when you are being allowed no access to the courts. Injury is implied by this very denial.

(35)    An example of this denial is found in the Declaration under Justin Haynes wherein he inquired of counselor Tharp for a BP-8, the first form and step applied in the grievance process under BOP Policy. Counselor Tharp absolutely refused the BP-8 since Haynes stated it was for the new "enhanced restrictions" upon the mail. Haynes had a family member pass away and was denied access to the funeral information and obituary information. What security interest does this serve exactly? The mental duress of losing a loved one is difficult enough, compounded by prolonged housing in lockdown, restrictions upon your grieving process of the family loss by not attaining the funeral information and/or pictures, and now not being able to redress this obvious denial of rights is enough to drive someone to a point of losing fortitude and becoming mentally unstable or belligerant. Haynes argued vehemently with counselor Tharp and from said argument was Mr. Haynes placed on

paper; meaning all his clothing and bedding was removed and he was given paper clothing and paper bedding. Haynes was dressed in a napkin because he tried to redress an obvious worthy grievance. This does not serve a government or security interest what-so-ever. It is gross and repugnant to any normal human's sensibilities in a person grieving the loss of family. This is only one of many confrontations that the Plaintiffs have had with Counselor Tharp.

㊱         As outlined, the issues that led to this motion being drafted encompass well more than just the particular issues being claimed in this action; however, we decided that to approach the court for resolve would be better brought upon a unified front and subsequently, only claims that affect the group as a whole can be offered though the behavior of the ad-ministration of Lewisburg suffers from many egregious actions beyond those herein claimed.

㊲         What we the Plaintiffs have realized is that the administration does not wish us to file against the new mail restrictions because they are unjust, unclue, and in complete violation of our rights, policy, and even the law! These new res-trictions go beyond the scope of the definition of "reasonable" in regards to any administrative effort to ~~protect~~ protect security or to provide a security interest to the institution of Lewisburg USP. By the administration denying access to the Administra-tive Remedy process via refusal to provide the legal necessities (grievance forms) is our 1ˢᵗ Amendment right being violated. (Please review attached "Memorandum of Law.") This can be construed as "Retaliation." We offer law on this as well.

㊳  Ground #5:  The Plaintiffs claim that this denial of being able to handle thier mail violates thier right of freedom of speech, association, and expression outlined in the 1ˢᵗ Amendment. This coincides with due process violations under the interest of property. This limitation upon our mail definitely hinders our family's "freedom of expression" since we cant handle the very mail they handled. You see, something as simple as smelling a perfumed letter or to hold a picture of a loved one or child not seen in years means so much to us in here. Our mental and psychological states are maintained by those moments like our last vestiges of our lives that exist out there in the free world. There's a reason why Policy Statement 5800.1, the "Mail Management Manual," states clearly the procedures in which BOP personal are supposed to take in handling our mail. This shows the care applied to our mail because it is our main means of correspondence to the world.

㊴  We must ~~offer~~ provide here that our incoming and outgoing is being delayed significantly, sometimes up to two weeks before being delivered either way, and that's if it is even making it to it's destination. This issue has gotten so bad that we are forced to use certified mail and return reciept requests, causing added expenses just to ensure our mail gets delivered. The issue in this regard is that our Counselor (Tharp) simply refuses us everything. We've tried to get anything and everything possible and through Counselor Tharp — the man whose responsibility this is — absolutely refuses us. We sometimes get some other person to slide us something but it's like an unspoken rule to deny us or refer back to Counselor Tharp. It's gotten unbelievably ridiculous! This is why we ask for immediate relief through the Temporary Restraining Order and the Preliminary Injunction! (Review the attached "Memorandum of Law.")

(40)      **Ground #6:** The Plaintiffs claim that specifically under Policy Statement 5265.14, which is codified law under 28 CFR 540, and Policy Statement 5800.1, that the Warden, and any under him in which he has given authority, is not only violating our Constitutional Rights but are very clearly breaking the law. The very Policy/law they quote in their notice is very clear in what "restricted general correspondence" means. It is only to restrict the contacts of an individual. The Warden and those under him are acting outside the "color of the law" and should be held to such. (Please review "Memorandum of Law" for a review of the Policy(s) and Law herein stated)

(41)      **Ground #7:** The Plaintiffs contend that if for some reason that the courts disagree with the grounds herein outlined and believe the Warden, and subordinates, have acted "reasonably" under the Policies and Law as they are currently written, then we believe and claim that the policies thereto are unconstitutionally vague and require amending. The Plaintiffs believe the law is clear on all the matters herein but, if for ignorance or the lack of understanding, this is not so, then we claim that the policies need to be clarified and amended as such to conclusively dictate this fact (see "Memorandum of Law" hereto attached)

## VII Conclusion

(42)      In conclusion and support of our claims herein, the Plaintiffs, offer for exhibit as evidence some of our copied mail so the court can see the methods used in these enhanced restrictions. It is important to note the stamp placed on the photocopy of the envelope where it dictates that Policy 5265.14 supports these actions. (See Attached Exhibit "B" and Exhibit "C") If you read the letter to Inmate Nathan Railey from his father, you will directly see correspondence over a specific issue involving the mail where Railey's father was sending a copy of a law book and it was denied from the administration. This further proves this administration's directive in keeping us from the law and the courts. If you review both exhibits, you will notice they shrink the letters to obviously conserve paper. Many times this makes handwritten letters very difficult to read.

(43)      We also must mention tactics taken by the administration in other ways to limit our access to the courts and legal material. The law computer is purposely out of paper. I say this because absolutely no one has been able to print their documents while in the law library and carry them out. We can only jot down by hand the research we need. This unbelievably limits our abilities. What the administration does is, when you send something to print, it goes to the print que, which is a spot in memory that saves the print jobs in order. When the printer is out of paper, the print jobs que up in order on the print que but don't print until the printer knows that there is paper available. The administration handles this act of filling the paper trays. So, they, after we are back in our cells, go into the law library put the paper in the printer and allow the documents to print out. They then

get the opportunity to peruse through your documents and decide whether you recieve them or not. This has happened alot where some people get thier print-outs and others don't mysteriously then lo and behold, when the next person goes in the law library, the printer is out of paper once again.

(44)      Along with actions as these, we recieve notice when they do other actions to limit our abilities. For example, we were told today that we would not be able to buy paper on the store but yet they don't pass out enough for anything at all. They give us like 10 sheets of paper and now they absolutely deny us pens. So for we can still purchase those but how long til they remove that ability too? We didn't claim these issues because we are inherently unable to prove such because our limitations being in Special Housing. They know this and is why they do it. We desperately need your assistance.

(45)      Attached hereto, we have provided a Memorandum of Law to support the grounds listed herein. We've also provided a Motion for a Temporary Restraining Order and a Preliminary Injunction and we believe these are absolutely required due to the circumstances we face. If anything we require injunctive relief to stop the administration from hindering our access to the courts. With that we will be able to redress these issues properly through the channels that are supposed to be available. However, considering the very nature of the behaviors being displayed and the absolute disregard and purposeful misconstrual of Policy and the law, the Plaintiffs believe injunctive relief should be applicable to the "Enhanced" mail restrictions as well until the court can further adjudicate these matters.

(46)      Also attached hereto you will find a Motion for Consideration that this action be titled a "class action" under Rule 23. Therein you will find the supporting arguments on this request though we are unsure whether something of this nature falls under a Writ of Habeas 28 USC § 2241, and for that ignorance, we apologize. However, we feel that these actions are very concerning and our small amount of 10 inmates is maybe around 10 percent of the total inmates affected that we know of. The sad thing is that this court will most likely ~~now~~ recieve many other motions over the many other issues happening here beyond those herein listed. Substantial measures must needs be taken.

### VIII. Prayer for Relief

(47)      Wherefore, the Plaintiffs respectfully pray that this court enter judgement granting the Plaintiff's:

(48)      (1) A Declaration that the acts and omissions herein described through our grounds or otherwise, have indeed violated the Plaintiffs' rights and the Constitution and the laws of the United States.

(49)      (2) That the attached Temporary Restraining Order and Preliminary Injunction be considered and issued, ordering the Defendants herein listed, and any and all other not listed employees given authority from the Defendants herein listed, of Lewisburg USP to immediately cease thier interference in allowing access to legal material and access to the courts; and to cease immediately these new enhanced mail restrictions and follow the Policy and Law as



❖ it is clearly defined; and to cease any other discriminatory acts being purposely applied to only those inmates that are housed in B-block.

(50)        (3) That the court consider the motion of Consideration to allow the Plaintiffs to pro-ceed under Rule 23 as a "class action" since these matters affect many more inmates beyond those herein named and we believe this action would justly be applicable to the class as a whole.

(51)        (4) And any additional relief that this court deems just, proper, and equitable under the matters herein described.

(52)        The Plaintiffs provide all herein in "good faith" and attest that any and all statements and information contained herein are true and accurate to the best of our abilities and subject ourselves under the penalty of perjury in support of such. We humbly request the relief of the courts to the matters contained herein and appreciate any and all time devoted to our resolve. Thank You.

<u>Mar. 22nd, 2018</u>                                    <u>Respectfully Submitted,</u>
      (Date)

                                            <u>Plaintiffs</u>

<u>Camden Barlow, Inmate # 30222-057</u>        <u>Christopher Alvarez, Inmate # 26024-380</u>
<u>United States Penitentiary Lewisburg</u>        <u>United States Penitentiary Lewisburg</u>
<u>P.O. Box 1000</u>                              <u>P.O. Box 1000</u>
<u>Lewisburg, Pa. 17837</u>                       <u>Lewisburg, Pa. 17837</u>


<u>Justin Haynes, Inmate # 27511-064</u>        <u>Darryl Taylor, Inmate # 43373-037</u>
<u>United States Penitentiary Lewisburg</u>        <u>United States Penitentiary Lewisburg</u>
<u>P.O. Box 1000</u>                              <u>P.O. Box 1000</u>
<u>Lewisburg, Pa. 17837</u>                       <u>Lewisburg, Pa. 17837</u>


<u>Tabarus Holland, Inmate # 95307-020</u>      <u>Terrell Wilson, Inmate # 49385-007</u>
<u>United States Penitentiary Lewisburg</u>        <u>United States Penitentiary Lewisburg</u>
<u>P.O. Box 1000</u>                              <u>P.O. Box 1000</u>
<u>Lewisburg, Pa. 17837</u>                       <u>Lewisburg, Pa. 17837</u>

## Plaintiffs (Continued)

Tony C. Knott, Inmate # 33552-007

United States Penitentiary Lewisburg

P.O. Box 1000

Lewisburg, Pa. 17837



Douglass Piggee, Inmate # 06845-097

United States Penitentiary Lewisburg

P.O. Box 1000

Lewisburg, Pa. 17837

Agustin Argueta, Inmate # 33921-007

United States Penitentiary Lewisburg

P.O. Box 1000

Lewisburg, Pa. 17837



Nathan A. Railey, Inmate #11897-003

Agent/Respondent for the Plaintiffs

United States Penitentiary Lewisburg

P.O. Box 1000

Lewisburg, Pa. 17837

## Certificate of Service

I, Nathan A. Railey, and the Plaintiffs listed herein attest under the penalty of perjury that all statements, motions, documents, etc., herewith are supplied in "good faith" and contain the truth to the best of our abilities. We state that we placed all documents, including this complaint, in the Prison System's mail on March 26th, 2018, to be delivered to the United States District Court for the Middle District of Pennsylvania. This was executed at Lewisburg United States Penitentiary.

Respectfully Submitted,

March 26th, 2018
(Date)

Nathan A. Railey
(Signature)

I, Nathan A. Railey, sign this motion, acting as "Agent/Representative" to and "Respondent" for the Plaintiffs listed herein as a whole.

March 24ᵗʰ, 2018

Nathan Bailey

Inmate #11897-003

United States Penitentiary Lewisburg

P.O. Box 1000

Lewisburg, Pa. 17837

United States District Court

For The Middle District of Pennsylvania

William J. Nealen Federal Building and U.S. Courthouse

235 N. Washington Ave.

P.O. Box 1148

Scranton, Pa. 18501

ATTN: Court Clerk:

Herewith you will find many documents, motions, and a complaint. The Plaintiffs listed therein wished that the complaint and attached motions and actions would be filed as a 2241 Writ of Habeas Corpus. However, considering the circumstances delineated therein, we understand that the court may wish to make the complaint and associated documents as a Bivens suit; therefore we attached a Bivens form to this mailing. If the court does deem that this action to be a Bivens action then Camden Barlow, in which his name and info is provided within the Bivens paperwork, would like to make whatever necessary requirements are needed as far as payment, etc.. to get this action in front of the court as soon as possible. The matter is urgent. Therefore will you please provide whatever necessary forms are needed for this? Also please provide the rules of the court for future reference.

It also should be noted that these documents we sent the court are the originals and we have not been able to get copies of such. This is one of the many matters contained therein. Our mail correspondence is the main issue in the filings herewith and we ask that the court please hold these papers until we get whatever's required of the court (i.e. payment, etc..) Sending them back to us can be detrimental to our case since our mail correspondence is the issue being moved upon. If the court sends any letters to the Plaintiffs, the envelopes must be stamped "Special Mail: Open in the presence of the inmate" due to 28 CFR§540.18 - 540.19. Otherwise the prison will open, read, and apply the illegal "enhanced restrictions" on correspondence discussed within our actions. If you do not do this, we cannot guarantee that we will even



**U.S. Department of Justice**
Federal Bureau of Prisons
*United States Penitentiary*
*2400 Robert F. Miller Drive*
*P. O. Box 1000*
*Lewisburg, PA  17837*

NOTICE OF ENHANCED RESTRICTIONS
ON INCOMING GENERAL CORRESPONDENCE

Effective immediately, you are being placed on enhanced
restricted General Correspondence.  Until further notice, you
receive a photocopy of your incoming general correspondence.
The original will be maintained for 60 days and then destroyed.
Personal photographs will be stored in your property.

Per Program Statement 5265.14, <u>Correspondence</u>, "[t]he Warden
shall establish and exercise controls to protect individuals,
and the security, discipline, and good order of the institution.
The size, complexity, and security level of the institution, the
degree of sophistication of the inmates confined, and other
variables require flexibility in correspondence procedures."

NEWTON RAILEY
7140 S GOOSE[BERRY] WAY
Tucson AZ. 85747

17837-100000

05 MAR 2018 PM 6 L

PHOENIX AZ 852

B2

NATHAN RAILEY
REGISTER # 11897-003
UNITED STATES PENITENTIARY
P.O. BOX 1000
LEWISBURG, PA. 17837

212

USP LEWISBURG SMU

ITEM WAS PHOTOCOPIED
COPY PROVIDED TO INMATE
per policy 5265.14


Exhibit "B"

Hi son
Going to try to write you and send some more of the book it is the index stuff that is all is left. I'm a little confuse the book I have been sending is the book on the law of negotiable instruments and you are asking me for I have I going the wrong thing any let know and will try again if that not what you wont I also received a litter from Robert and I was glad I got it and im sure you are too. Will be sending it with this mail I also sent 150.00 more and hope that will keep you in money for a while when you run short, let me know I will try and keep up this time.Yes I did receive the letter tell me about Valerie and the book redemption manual and I had got the book yet so I wont be looking for that scens Valerie as got for you. Im glad that Valerie and Rosalies are on broad now and will help me as far as looking up books. I was thinking about investing incrypo-currency glad I didn im sure there stock took a nose dive but any way I don't know much about the stock market will have to wait tell you get out of that great place you are in. Sorry you got rejected but you know how they are there so it should not surprise you. Do what you have to do just cause your self trouble I wont you out as sone as possible. I'm only busy of and on not pushing it the government is trying to shut down and if close mess with my pay check so I witch they would settle this bullshit and get on with life. By the way I did tell Valerie to send 50 copies at a time and to send the main parts of the first then the rest latter.And the re caps are good for me Im doing all right just stay a little tired most of the time misty is doing the same I ges that is OK she just keeps going the same way I do just are old age. Angel is the same tall and skine. Weather you wont believe it ben in the high 70s and low 90s can you believe that it is Tucson for you will be a hot summer I bet. I had shaun address but like a dum ass I deleted it will try next time I write if I can remember. He is going or count 14 feb and looks like he will be losing his driver license for a year and about 2,000.00 in finds all together around 10,000.00 a lot of money for that is DUI fore you.will I am going to close now and will write every change I get Love all ways DAD.

THIS ONE WAS IN THE PAPERS I SEND TO YOU THAT
WAS BETTER.

Hi son
Just got some return mail from the Warden there which had the last part of the Negotiable Instruments and I also had robers letter in it and I belive that is why it was return . I look up Title 2B and it is all about the mail you can receive. Im going to write the warden and ask what part of that return was prohibited and that way I will know for sure. I hope it is not the copys of the book but will fine out when he writes me back. Beside that every thing is going good for me not much part time work for a while and that is ok for me. I havent heard from you for over a week hope you are not in trouble and that you are doing good.Going to send the letter that was in the page of the book that way you can see what I wrote. In about two years im going to retire for good no more work if I live that long some times im not sure I will make it my old ticker is ading up some and rest of the old body is going hay wire to but will not quite un less the good lord call me home but im sure that wont be soon. So dont get all upset im still hanging in there. Misty is doing good she get tired a lot but I belive the job she has in getting to here a little now but she wont say so . Will going to close for now and write the warden witch me luck love you DAD.



BY AIR MAIL
par avion

Royal Mail®

International
Tracked

LB 1027 7865 7GB

Royal Mail.r

SINGLE USE ONLY

Exhibit "c"

23rd Feb 2018

Hun are you my Soul mate ♡

Baby I got your letter
dated 2nd Feb today (postmarked 15th Feb) What's the
hum? Your snail mail lately man?
She with your snail mail lately man?
Just a quick letter to say how much I love you
and how I am so grateful to have you. I love you
So damn much, I arrive for you everyday
I NEED to get, I crave it off my chest, can you
have kept it 100 with me from the jump. I
need to do the same. I am gonna have less more
or less fall back from communicating with Mimi,
I can't do it no more Camden, I have kept my
mouth shut for months but it's too fucking much

I always thought about why you consistently
hold Mimi not to embarrass you, Over the lost 3
months I have found out for myself. I feel
like I am in some creepy 3 way relationship
Ok so you are repeatedly where has this all
come from? I have observed many ms-truths
that I have been told about you, your mum +
some either travel shit so I just ignored it (but
did not forget) Now! 3rd of Jan after you put
me in check in those 2 letters you explained
wish I get to speak with you. Who the? Phone
I was very nice + explained why I was not
getting an accurate picture, painted of you.
Continued to email her. Powerful times. I do

---

Months ago I had watch a friends dog over night
as we had no vent in his house and it was a
puppy. This person is Habib. I have told you about
him before. I do not see him much at all
only when I need to. He is a kid a fucking
ugly kid OK! The dog was so cute I sent
Mimi a pic of it and told her I was watch
it. (Eu following) I sent her the pic MONTHS
ago! OK.

After I told her no more phonecalls she
(reassured) that email I sent to her back to
one with the subject heading "secrets" No
explanation for why she sent this old ass
email back to me I called her (what she wanted)
and said what are you getting at ? she said
"Your daughter, I don't know if I can keep
this from Camden" ?? I said "WTF are you
talking about Mimi" (and go I cursed at her) she
said "You cursing on with this by Camden"
I lost it, "bro" I said "Are you talking
the piss Mimi? You can find an email that
months age when you can find me you need for Cam
computer illiterate to get me into I need for Cam
BUT you can't find a letter in your house where
you (clean) Cam had said I had NO kids, the
letter you read me literally days before FYI
Camden knows EVERYTHING about me and my kid.
I tell him everything So just believe and do
I wouldn't make an issue out of nothing."
She never expected me to be so mad ♦
I contradicted her. Said this is why we need to
stop/nor please I said "Hey! I said "OK" she said
"this is why we need to

Inmate Name: Carlos Barba
Register Number: 80222-057
United States Penitentiary
P.O. Box 1000
Lewisburg, PA 17837

BT    8   16-2018

MAR 29 2018

— LEGAL MAIL —

Filed on this day 3/26/2018
pursuant to Houston v. Lack

— LEGAL MAIL —

RECEIVED
SCRANTON
APR 02 2018
PER _____
DEPUTY CLERK

— LEGAL MAIL —

Filed on this day 3/26/2018
pursuant to Houston v. Lack

U.S. District Court, Middle District of Pennsylvania
William J. Nealon Federal Building & U.S. Courthouse
235 N. Washington Ave, PO Box 1148
Scranton, P.A. 18501

